cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GROOMS, an individual; BRYCEMARIE PHELAN, an individual and KNUKLE, INC., a Colorado corporation;<br><br>Plaintiff,<br>v.<br><br>JOHN LEGGE, an individual, et al.,<br><br>Defendants. | Civil No. 09cv0489 IEG (POR)<br><br>ORDER FOLLOWING DISCOVERY CONFERENCE |

On March 27, 2009, the Court convened a Discovery Conference in the above entitled action. Appearing were Chris Villasenor, Esq. and Michael Lane, Esq. on behalf of plaintiff; Michelle M. McCliman, Esq. and Rajiv Jain, Esq. on behalf of defendant.

The conference was set to monitor the parties' compliance with the Order Directing Expedited Discovery granted March 16, 2009.

The deposition of Mr. Legge did take place on March 18, 2009 as ordered. Issues persist with regard to the document request attached to the deposition notice and to interrogatories propounded by plaintiff.

It appears that the defendant did produce documents responsive to the requests at the time of the deposition, despite objections as to them being over broad or outside the scope of the Order for Expedited Discovery. Clearly, what is needed, is a verification in standard form addressing the production as to each of the 16 items involved. It would appear, based on the comments of counsel, that

either no responsive documents exist or despite objection, responsive documents were produced. Defendants are ordered to provide the verification to plaintiff's counsel by Monday, ***March 30, 2009 at noon pacific day light time.***

The Court erred in listing the date for defendant's response to the succinct interrogatories allowed. This caused some confusion in the minds of defendants, and no response has been provided. There are 14 interrogatories pending. The Court had the parties meet and confer in private during the conference to attempt to reach resolution on the issue of getting the necessary information provided by Monday, March 30, 2009, to allow the parties to make their meeting deadline with Judge Gonzalez. The parties were directed to attempt to minimize the scope of the interrogatories to information specifically related to the preliminary injunction issue, and not the issue of merits in general.

After the meet and confer process, counsel came to an agreement with regard to the interrogatories. Defendants will provide verified responses to Interrogatory Nos. 2 through 5, 8 through 12 and 14 no later than ***noon pacific day light time March 30, 2009***.

With regard to the deposition question associated with the current resident addresses of Shawn Meyers and Devon Mercado, defense counsel is ordered to provide that information, to the extent known, by ***noon pacific day light time, March 30, 2009***.

The remaining issue between the parties is the interpretation of Judge Gonzalez' Order on the transfer of the website. As drafted, the defendant is confused. Following discussion, the Court directs the defendant to file an ex parte application for clarification of that portion of the Order forthwith. In the meantime, this Court orders the parties to hold the status quo on the transfer of ownership pending clarification by Judge Gonzalez.

The matter of expedited discovery is now complete and the pretrial management is returned back to Judge Porter, the originally assigned Magistrate Judge.

IT IS SO ORDERED.

DATED:  March 30, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court