# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GROOMS; BRYCEMARIE PHELAN; KNUCKLE,INC., a Colorado Corporation,<br><br>                              Plaintiffs,<br>  vs.<br><br>JOHN LEGGE; GWEN LEGGE; KNUKLE, INC., a California Corporation; ARTILLERY DISTRIBUTION, an entity, form unknown; SEAN MYERS; DEVIN MERCADO; and DOES 1 through 50 inclusive,<br><br>                              Defendants. | CASE NO. 09cv489 - IEG - POR<br><br>ORDER<br>(1) DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>(2) DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT<br><br>[Doc. Nos. 60, 61.] |

In this unfair competition action, Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, move for a more definite statement pursuant to Rule 12(e).[1] (Doc. Nos. 60, 61.) Having considered the parties' submissions,, the Court DENIES Defendants' motions for the following reasons.

## BACKGROUND

The underlying facts of this case are well known to the parties and the Court and need not be repeated herein. On March 11, 2009, Plaintiffs filed a complaint asserting fifteen claims for relief: (1) unfair competition and false designation under 15 U.S.C. §1125; (2) cybersquatting, in violation

---

[1] Defendants submit two separate, but identical motions. [Doc. No. 60, 61.] For the purposes of this order, the Court addresses Defendants' arguments simultaneously.

of 15 U.S.C. § 1125(d); (3) violations of California Business & Professions Code §§ 17200, 17500; (4) unfair competition under California's common law; (5) trademark and trade name infringement; (6) conversion; (7) fraud; (8) intentional interference with prospective business advantage; (9) intentional interference with economic relationships; (10) defamation; (11) breach of oral/implied contract; (12) civil conspiracy; (13) declaratory relief; (14) accounting; and (15) constructive trust/ equitable lien.

On March 17, 2009, the Court issued a Temporary Restraining Order, restraining Defendants from using the Knukle Inc. mark. (Doc. No. 14.) On April 8, 2009, the Court issued a preliminary injunction. (Doc. No. 51.) On May 22, 2009, the Court denied Defendants' motion to dismiss or transfer the action. (Doc. No. 59.)

Presently, Defendants move to dismiss for a failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e), asserting they cannot reasonably prepare a response due to ambiguities in the complaint. Plaintiffs filed an opposition, but Defendants did not file a timely reply. The motion is amenable to disposition without oral argument. Local Civil Rule 7.1.

## LEGAL STANDARD

### A.   Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544 (2007). The court's review is limited to the contents of the complaint and it must accept all factual allegations pled in the complaint as true, drawing all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). Notwithstanding this deference, it is improper for a court to assume "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court need not credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable

1 inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**B.     Motion for a More Definite Statement**

"A party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). "The proper test . . . is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Id. (quoting Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988)).

**DISCUSSION**

**A.     Motion to Dismiss**

i.     Parties' Arguments

Defendants argue Plaintiffs fail to state a claim because, although the complaint references documents essential to the claims, Plaintiffs failed to attach the referenced documents, citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir. 1993). Specifically, Defendants argue Plaintiffs did not attach an email referenced in the complaint or a formal written investment agreement. Further, Defendants believe Plaintiffs did not state the alleged terms of the agreement with sufficient specificity.

Plaintiffs argue they state a claim notwithstanding their failure to attach the disputed email and investment agreement. Plaintiffs believe Defendants misconstrue and misapply Pension Benefit. According to Plaintiffs, the Pension Benefit court determined it could, at its election, review extrinsic documents referenced in the complaint if those documents clearly do not support the plaintiff's claims. Here, Plaintiffs contend, they did not attempt to hide the contents of the document and the disputed documents support their claims.

ii.     Analysis

The sole issue is whether Plaintiffs' claims are *per se* deficient because Plaintiffs did not attach documents explicitly referenced in the complaint. The answer is an unequivocal no. To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550

1  U.S.544 (2007).  On a motion to dismiss, it is not the court's function to weigh the evidence, but rather
2  to determine whether the complaint is legally sufficient.  <u>Official Comm. of Unsecured Creditors of</u>
3  <u>Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147 (2d Cir. 2003).

4        The case law does not support Defendants' argument.  In <u>Pension Benefit</u>, the court held "a
5  court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a
6  motion to dismiss if the plaintiff's claims are based on the document." 993 F.2d at 1197.  The court
7  sought to prevent a plaintiff, with legally deficient claims, from surviving a motion to dismiss simply
8  by failing to attach a dispositive document.  <u>Id.</u>  Importantly, the court *did not* require the plaintiff to
9  attach the document to survive the motion; instead, <u>Pension Benefit</u> allows courts to review
10 unattached, authenticated documents to determine if they are dispositive.  Here, even if <u>Pension</u>
11 <u>Benefit</u> were controlling, the documents do not contradict or dispose of Plaintiffs' claims, therefore,
12 <u>Pension Benefit</u> has no bearing on this case.

13       Further, Defendants' proposed rule contravenes the plain language of Rule 8.  Under Rule 8,
14 a pleading states a claim if it contains "a short and plain statement of the claim showing that the
15 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Importantly, Rule 8 *does not* require a plaintiff
16 to attach *evidence* to support its claim as this would contravene the theoretical underpinnings of the
17 notice pleading requirement.

18       Due to the profound lack of authority supporting Defendants' position, coupled with the plain
19 language of Rule 8, the Court DENIES Defendants' motion to dismiss.

20 **B.     Motion for a More Definite Statement**

21 i.     <u>Parties' Arguments</u>

22       Defendants argue they cannot reasonably be required to frame a responsive pleading because
23 the complaint is too vague and ambiguous.  Specifically, Defendants contend Plaintiffs fail to attach
24 a written business agreement and provide conflicting accounts of the nature of the agreement.

25       Plaintiffs argue the complaint's 15 pages of general factual allegations setting forth the events
26 which underlie Plaintiffs' claims weigh in favor of denying the Rule 12(e) motion.  Plaintiffs assert
27 their failure to attach the email and written business agreement does not make the claim vague or
28 ambiguous.  Finally, Plaintiffs assert the pleadings do not contain contradictory business terms, but

1  rather reflect the evolution of the business relationship, allegedly caused by Defendants' actions.

2  ii.     Analysis

3        The pleading clearly sets forth fifteen causes of action, supported by 15 pages of general allegations. The general allegations detail the business relationship between Plaintiffs and Defendants in a manner that is both intelligible and coherent. The Court finds the terms of the business relationship, while disputed, are easily discernible notwithstanding the omission of a written business agreement. Furthermore, Plaintiffs subsequently identify not only the fifteen asserted claims, but also support these claims by citing specific facts underlying each claim. Defendants can reasonably be expected to formulate a reply to this complaint. As such, the Court DENIES Defendants' motion for a more definite statement.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motions.

**IT IS SO ORDERED.**

**DATED: July 8, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**